UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

TRI-CORP HOUSING, INC,

    Plaintiff,

    v.                                                               Case No. 12-C-216

ROBERT BAUMAN, ALDERMAN

    Defendant.
_____

**DEFENDANT'S PROPOSED FINDINGS OF FACT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**
_____

The defendant, Robert Bauman, by his attorneys, Grant F. Langley, City Attorney, by Assistant City Attorney Jan A. Smokowicz, submits the following proposed findings of fact in support of his motion for summary judgment:

1.    The plaintiff, Tri-Corp Housing, Inc. ("Tri-Corp") provided low income housing for mentally ill individuals in Milwaukee County who were not in need of confinement. Smokowicz Affidavit, Attachment A (Amended Third Party Complaint), p. 1-2, ¶1 and Attachment F (decision of Wisconsin Court of Appeals, Appeal No. 2010AP1443), p. 2, ¶2.

2.    Robert Bauman is an alderman for the City of Milwaukee. Smokowicz Affidavit, Attachment A (Amended Third Party Complaint), p. 2, ¶2.

3.    In 2007, Tri-Corp operated two buildings providing housing, meals, laundry and other services to more than 160 disabled residents; one was "West Samaria,"

located at 2713 West Richardson Place in Milwaukee, and the other was "New Samaria," located on West Beloit Road in West Allis. Smokowicz Affidavit, Attachment A (Amended Third Party Complaint), p. 2, ¶3.

4. Residents in both West Samaria and New Samaria came to reside in one of these locations by referral from Milwaukee County and most were participants in programs administered by the county, with the exception of thirty of the ninety-two rooms in West Samaria which were leased to the Red Cross for its own program serving mentally disabled individuals. Smokowicz Affidavit, Attachment A (Amended Third Party Complaint), p. 2, ¶5 and Attachment F (decision of Wisconsin Court of Appeals, Appeal No. 2010AP1443), p. 4, ¶5.

5. At a May 18, 2006 meeting of the City of Milwaukee Board of Zoning Appeals ("BOZA") that was convened to determine whether a reasonable accommodation should be granted to West Samaria because of a denial of a special use permit, Bauman stated under oath the following with respect to a resident of West Samaria who suffered a fatal assault:

> The cavalier comment was made, well, it's not the applicant's responsibility to watch over Mr. Rutledge 50 fee from the door of the establishment, but that's not all that happened in this case. While it's true that Mr. Rutledge was beaten on the public right-of-way, he also stumbled into the premises after he was beaten. He stumbled in. No one was there to ask him what happened, are you hurt, do you need attention, no one called the police, no one even knew what happened to the poor man…
>
> That is the level of care that this fine establishment likes to maintain. A man can get beaten nearly to death 50 feet in front of the door, and while it is the public's responsibility in the public right-of-way, he goes back into his home, and no one gives a damn… .

2

Smokowicz Affidavit, Attachment B (transcript of BOZA hearing of May 18, 2006), p. 2, 11, 72-3.

6. The May 18, 2006 BOZA proceeding was a "contested public hearing" and both Tri-Corp and the City of Milwaukee appeared through counsel at the hearing who had the opportunity to make opening statements, present witnesses, and to cross-examine witnesses produced by the opposing party. Smokowicz Affidavit, Attachment B (transcript of BOZA hearing of May 18, 2006), p. 2-4.

7. Rutledge was helped by another resident and brought back to West Samaria. Smokowicz Affidavit, Attachment A (Amended Third Party Complaint), p. 4, ¶13.

8. A security guard called 911. *Id.*

9. Rutledge was transported to a hospital within a half an hour. *Id.*

10. On February 28, 2007, the Milwaukee Journal/Sentinel reported that Joseph Droese, a resident of West Samaria being monitored by a Milwaukee County caseworker, was found dead in his room. Smokowicz Affidavit, Attachment A (Amended Third Party Complaint), p. 4, ¶14.

11. On or about March 1, 2007, Bauman sent an e-mail to the City of Milwaukee Department of Neighborhood Services ("DNS") requesting that the agency "issue the appropriate orders revoking [the] special use permit [for West Samaria] so this matter can be brought back before BOZA at the earliest possible time." Smokowicz Affidavit, Attachment A (Amended Third Party Complaint), p. 4, ¶15.

12. DNS issued an order to revoke the special use permit. Smokowicz Affidavit, Attachment A (Amended Third Party Complaint), p. 5, ¶16.

13. On or about April 19, 2007, Bauman wrote a letter to BOZA alleging that residents were mistreated and that a resident was sexually assaulted at West Samaria and Bauman appeared and presented the letter during a BOZA hearing without prior notice to Tri-Corp. Smokowicz Affidavit, Attachment A (Amended Third Party Complaint), p. 5, ¶17.

14. A subsequent police investigation produced no foundation for the allegations of mistreatment and sexual assault. Smokowicz Affidavit, Attachment A (Amended Third Party Complaint), p. 52, ¶17.

15. In spite of Bauman's efforts, BOZA at the end of approximately two years of hearing in September 2007 upheld Tri-Corp's right to operate West Samaria for its mentally ill residents. Smokowicz Affidavit, Attachment A (Amended Third Party Complaint), p. 5, ¶20.

16. On April 17, 2003, Tri-Corp had entered into a loan transaction with the Wisconsin Housing and Economic Development Authority ("WHEDA") which pledged both West Samaria and New Samaria to secure the loan. Smokowicz Affidavit, Attachment A (Amended Third Party Complaint), p. 5, ¶21 and Attachment E (decision of Wisconsin Court of Appeals, Appeal No. 2010AP418), p. 2, ¶3.

17. Tri-Corp defaulted on its loan by failing to make its monthly payments beginning in June 2007 and in November 2007, WHEDA decided to exercise its rights under the mortgage agreement and filed a foreclosure action against Tri-Corp.

Smokowicz Affidavit, Attachment E (decision of Wisconsin Court of Appeals, Appeal No. 2010AP418), p. 3-4, ¶6 and Attachment G (Deposition of Michael Brever), p. 5, 23-24.

18. In August 2007, Bauman met with Antonio Riley, then the executive director of WHEDA, and Bauman's notes, dated August 8, 2007, stated that the "[g]oal" with respect to West Samaria was to "Relocate residents and RAZE." Smokowicz Affidavit, Attachment F (decision of Wisconsin Court of Appeals, Appeal No. 2010AP1443), p. 5, ¶5 and Attachment C (Deposition of Robert Bauman), p. 68-69.

19. Riley had WHEDA staff arrange a meeting at WHEDA's Milwaukee offices on October 19, 2007 which included representatives of Milwaukee County, including James Hill, Alderman Bauman, a representative of the City of Milwaukee Department of City Development, and others, including a representative from Heartland, an organization considering the possible assumption of the operation at West Samaria. Smokowicz Affidavit, Attachment F (decision of Wisconsin Court of Appeals, Appeal No. 2010AP1443), p. 6 ¶5.

20. When the October 19, 2007 meeting convened, Riley announced that WHEDA would be foreclosing on the mortgage loan. Smokowicz Affidavit, Attachment D (Deposition of Maria Prioletta), p. 9-10, 12, 14, 18, and Exhibit 132.

21. At the meeting, Bauman stated that he would not support any redevelopment of West Samaria and had told Heartland that he would not support any redevelopment of the West Samaria property because it is a combination of three things—bad design, bad location, and a bad operator—and even if you changed the

5

operator, you cannot overcome the other two. Smokowicz Affidavit, Attachment D (Deposition of Maria Prioletta), p. 19-21, and Exhibit 132.

22. At present James Hill is the Vice President for Housing and Government Relations for the Milwaukee Center for Independence. Affidavit of James Hill, p. 1, ¶1.

23. Until October 14, 2007, Hill was Director of the Milwaukee County Behavioral Health Division. After that date, he functioned as Director of Housing at the Milwaukee County Department of Health and Human Services pending the formal creation of the position in the County's 2008 budget, effective January 1, 2008. His responsibilities as Director of Housing included the supervision and management of programs aimed at providing decent, safe, affordable and permanent housing for Milwaukee County residents with mental illnesses who were living in the community and who were receiving services through the Milwaukee County Behavioral Health system. Affidavit of James Hill, p. 1, ¶2.

24. As a part of his responsibilities, prior to October 19, 2007, he had visited the property then known as West Samaria and then located in the 2700 block of West Richardson Place in Milwaukee, Wisconsin. Affidavit of James Hill, p. 2, ¶3.

25. The living conditions that he observed at West Samaria convinced him that clients receiving services through our County Behavioral Health system should not continue to live at that location. Accordingly, he determined some time around October 19, 2007 that those individuals should be relocated. Affidavit of James Hill, p. 2, ¶4.

26. He believed at that time that the living conditions at New Samaria were better than those existing at West Samaria. Affidavit of James Hill, p. 2, ¶5.

27. For that reason, he determined that at that time the residents of New Samaria did not need to be relocated. Affidavit of James Hill, p. 2, ¶6.

Dated at Milwaukee, Wisconsin this 1st day of March, 2013.

                                                GRANT F. LANGLEY
                                              City Attorney

                                                s/JAN A. SMOKOWICZ
                                                Assistant City Attorney
                                                State Bar No. 1008429
                                                Attorneys for Defendant

P.O. ADDRESS:                               jsmoko@Milwaukee.gov
800 City Hall
200 East Wells Street
Milwaukee, WI 53202
(414) 286-2601
Facsimile: (414) 286-8550


1033-2008-967.003:189607