# ATTACHMENT G

```
 1            IN THE CIRCUIT COURT OF MILWAUKEE COUNTY
 2                      STATE OF WISCONSIN
 3   - - - - - - - - - - - - - - - - - - - - - - - - -

 4   WISCONSIN HOUSING AND ECONOMIC
     DEVELOPMENT AUTHORITY,
 5
              Plaintiff,
 6
         v.                           Case No. 07-CV-013965
 7
     TRI-CORP HOUSING, INC.,
 8
              Defendants and Third-Party
 9            Plaintiff,

10   COMMUNITY BANK GROUP f/k/a LINCOLN
     COMMUNITY BANK, RELIABLE WATER SERVICES, LLC,
11   MILWAUKEE COUNTY HOME REPAIR, AND
     ZIGNEGO READY MIX, INC.,
12
              Added Defendants,
13
         v.
14
     WISCONSIN HOUSING AND ECONOMIC
15   DEVELOPMENT AUTHORITY AND
     ROBERT BAUMAN, ALDERMAN,
16
              Third-Party Defendants.
17
     - - - - - - - - - - - - - - - - - - - - - - - - -
18

19            Deposition of MICHAEL S. BREVER

20                      March 10, 2009

21                        10:00 a.m.

22            GONZALEZ SAGGIO & HARLAN LLP

23               225 East Michigan Street

24                  Milwaukee, Wisconsin

25       Reported by David J. Sikora, RPR, RMR, CRR
```



```
 1                    P R O C E E D I N G S
 2            MICHAEL S. BREVER was called as a witness
 3       herein, having been first duly sworn on oath, was
 4       examined and testified as follows:
 5            (Exhibit Numbers 1 and 2 were marked for
 6       identification)
 7                         EXAMINATION
 8   BY MR. KRILL:
 9   Q   Mr. Brever, would you state your full name for the
10       record?
11   A   My name is Michael Stephen Brever.
12   Q   And, Mr. Brever, what is your current occupation?
13   A   I'm the executive director of Tri-Corp Housing.
14   Q   Is that a corporation?
15   A   It is.
16   Q   And how long have you been the executive director?
17   A   Tri-Corp was created in 1998, and I was the initial
18       executive director.
19   Q   I want to show you -- we have Exhibits Number 1 and
20       2.  Exhibit Number 1 is the notice for your
21       deposition?
22   A   Okay.
23   Q   Yes?
24   A   Yes.
25   Q   And you're appearing today pursuant to that notice,
```

WWW.GRAMANNREPORTING.COM · 414.272.7878   GRAMANN REPORTING

```
 1            rejected in 2007, correct?
 2   A        Yes.
 3   Q        And, similarly, Exhibit Number 11 is another -- is a
 4            payment being rejected in April of 2007 for the
 5            Packard Hall property, correct?
 6   A        I'm sorry, what number are you on now?
 7   Q        Eleven.  Nine, 10, 11.  You got 11?
 8   A        I do.  You're referencing it as the Packard Hall
 9            payment.  I'm not certain I see any reference to
10            that.
11   Q        I've got the wrong one.  Exhibit Number 11 is an
12            E-mail exchange between you and Dan Prast of WHEDA.
13            And this regards, generally, defaults in your
14            mortgage payments, generally, correct?
15   A        Delays, yes.
16   Q        Delays.  Okay.  All right.  So we have the spring of
17            2007, and there are a series of delayed payments and
18            ACH rejections in payments made by Tri-Corp to WHEDA
19            for the various loans that were outstanding,
20            correct?
21   A        Yes.
22   Q        And then is it not true, Mr. Brever, that there
23            actually was a formal default with respect to the
24            May payment that was due on the Samaria loan?
25                   MR. MACHULAK:  Let me object to the question
```

```
 1         as being vague, and perhaps asking for a legal
 2         question.  What do you mean by a formal default?
 3              MR. KRILL:
 4    Q    Well, let me say this.  Let me just say this.
 5         Tri-Corp did not make the payment due for the month
 6         of June, 2007 for the Samaria loan, did it?
 7    A    I'm not sure.  I thought it was July, the date that
 8         we're talking about.
 9    Q    Okay.
10              MR. KRILL:  Mark this as Exhibit Number 12.
11              (Exhibit Number 12 was marked for
12         identification)
13              MR. KRILL:
14    Q    Exhibit Number 12 is a letter dated July 2, 2007 to
15         you from Nelson Flynn of WHEDA, is it not?
16    A    It would appear to be that, yes.
17    Q    And that letter is actually a notice of default, is
18         it not?
19    A    It is.
20    Q    And this is a notice of default that WHEDA gave you
21         with respect to the Samaria loan, isn't that true?
22    A    Yes.
23    Q    And is there anything -- let's look at the first
24         paragraph of this notice of default on Exhibit
25         Number 12.  WHEDA sets out the nature of the
```