UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TRI-CORP HOUSING, INC.,

      Plaintiff,

v.                                                  Case No. 12-C-216

ROBERT BAUMAN, ALDERMAN,

      Defendant.

**COURT MINUTES**
**HONORABLE CHARLES N. CLEVERT, JR., PRESIDING**

| | |
|---|---|
| Date: | January 14, 2014 |
| Type of Proceeding: | Motion Hearing |
| Start Time: | 2:15:00-2:35:00<br>2:42:57-3:22:47    (FTR Gold)<br>3:36:45-4:12:26    (FTR Gold) |
| Law Clerk: | Joan M. Harms |
| Appearances: | Plaintiff:    Attorney John Machulak<br>Defendant:   Attorney Jan Smokowicz |
| Disposition: | Court denies plaintiff's oral motion to amend the amended third party complaint and takes defendant's motion for summary judgment under advisement. |
| Notes: | Court asks plaintiff in what capacity he has sued the defendant. Plaintiff responds that during relevant times Bauman was acting as a Milwaukee alderman or official in charge of determining whether Tri-Corp could occupy West Samaria. Plaintiff confirms that Bauman was an alderman at the same time of the conduct and that he used his aldermanic power in some instances. However, he was not an official who could oversee DNS. Moreover, Bauman was acting as an individual and not on behalf of the City of Milwaukee. He was not acting in an official capacity and his conduct was not sanctioned by the City of Milwaukee. Bauman was not the person who Tri-Corp |

would apply to for a special use permit and he had no power to command or direct BOZA to do what he wanted.

Plaintiff is not asserting that Bauman had formal authority to direct DNS to do something. Court asks whether DNS had discretion to follow a request by Bauman. Plaintiff responds that he wouldn't say that DNS had no discretion.

Court notes that there is nothing in the proposed findings regarding Bauman possessing the ultimate power and authority to determine the course of action taken by the DNS. Plaintiff concedes that this is true with respect to BOZA and cannot cite anything that would allow Bauman under Milwaukee ordinances or state law to substitute his will for that of the employees of the DNS.

Court states that there is nothing in the briefs that discusses the procedure governing how DNS would respond to a request from an alderman of the City of Milwaukee. Plaintiff says that normally an investigation would be conducted. However, plaintiff admits that there is no proposed finding or evidence regarding the procedure and that Bauman had no authority over BOZA. Plaintiff has sued Bauman in his individual capacity.

Court turns to the § 1983 claim and asks the plaintiff to address his contention regarding how Bauman is liable under the Fair Housing Act. Plaintiff has new authority but never sought leave to supplement his responsive brief. Plaintiff responds that he has been researching this matter for the past 24-36 hours.

Court breaks.

2:42:xx    Court resumes. Plaintiff refers to *South Middlesex Opportunity Council, Inc. v. Town of Framingham*, 752 F Supp. 2d 85 (D. Mass. 2010), which states that there is a right that arises under the FHA and § 3617 regarding parties who interfere with the rights of a nonprofit.

Plaintiff says that the parties in this case have focused on reasonable accommodation under § 3604 and acknowledges that "there may be a problem" because Bauman is not part of the governing authority. In fact, BOZA gave Tri-Corp the right to move forward. The more applicable cases are under § 3617, which discusses interference. Plaintiff argues that the Wisconsin Court of Appeals found a genuine issue of material fact on Tri-Corp's state law tortious interference claim and that the interference mirrors the interference addressed by the Fair Housing Act.

2

Court asks what evidence that the plaintiff is relying upon regarding the violation of the Fair Housing Act. Plaintiff responds that he is relying on what is stated in the complaint. Apologizes because he isn't as familiar with federal court procedure.

Defendant's position has not changed. Attorney Smokowicz argues that plaintiff never raised a § 3617 interference claim in the complaint or the brief in opposition to summary judgment. The 2010 *South Middlesex Opportunity Council, Inc. v. Town of Framingham* case cited by the plaintiff did not reverse the court's earlier holding on the § 1983 claim in 2008 WL 4595369 (D. Mass. 2008). Rather, the § 3617 claim was analyzed as an independent claim under the FHA.

Plaintiff refers to page 29 of his brief and cites a case regarding a reasonable accommodation. Court responds that the amended third party complaint and plaintiff's brief in opposition to summary judgment underscore that it did receive reasonable accommodation. This is not a § 3604 reasonable accommodation case.

Plaintiff says that it responded to defendant's argument on summary judgment regarding § 3604 and admits that it did not raise § 3617.

Defendant notes that plaintiff is relying on cases in which there was a denial of reasonable accommodation. *Wisconsin Community Services, Inc. v. City of Milwaukee*, 465 F.3d 737 (7th Cir. 2006) is a different case because it was about the denial of a reasonable accommodation. Here, Bauman appeared before BOZA and objected to the continued operation of Tri-Corp. Whatever Bauman did to encourage the foreclosure is irrelevant because the Wisconsin Court of Appeals has determined that there was no illegal motive associated with the foreclosure of Tri-Corp's mortgage.

Court asks defendant whether the plaintiff can show that under § 3617 there was a known violation of § 3604. The *South Middlesex Opportunity Council, Inc. v. Town of Framingham* cited by plaintiff was decided in 2010 – years after Bauman's actions.

Plaintiff responds that the important fact is that after the Wisconsin Court of Appeals affirmed the grant of summary judgment in the WHEDA foreclosure case, it still found a genuine issue of material fact for interference by Bauman.

| | |
|---|---|
| 3:36:47 | Court resumes. Court looked at the *Wisconsin Community Services v. City of Milwaukee* case decided in 2006 and that case did involve |

reasonable interference or coercion under § 3617. Therefore it is not on all fours with this case. Plaintiff states that the reasonable accommodation concept was a clearly established right.

However, court points out that there was reasonable accommodation. The question is whether Bauman knew he should not approach BOZA or DNS regarding services provided in his district. Plaintiff qualifies that the issue is whether Bauman knew he could lie.

Court cites *Hidden Village*, *LLC v. City of Lakewood, Ohio*, 734 F.3d 519 (6th Cir. 2013), a case in which the Sixth Circuit recently granted qualified immunity in a similar case to individual city officials because the plaintiff could not show that when the defendants acted in 2006 and 2007 there was clearly established authority that their conduct violated § 3617 even though it violated nothing else under the FHA.

Plaintiff concedes that there is case law on both sides of the issue. Court asks whether there is uncertainty in the law regarding what Bauman was allowed to say and do with regard to Tri-Corp. If so, the court suggests it would appear that qualified immunity would apply in this case.

Defendant notes that the only relevant case comes subsequent to Bauman's actions and therefore he would have immunity with respect to any claim under § 3617.

Plaintiff acknowledges and the court agrees that the amended third party complaint does not plead a separate § 3617 claim under the FHA independent of § 1983 and that the plaintiff's brief in opposition to summary judgment did not include that argument. Therefore the new argument should not be relied upon in deciding the pending motion for summary judgment.

Defendant argues that the remaining claims under the ADA and Rehabilitation Act are barred because there is no individual liability and because § 1983 does not provide for independent liability for violations of those acts. With that, all federal claims drop out and it is the general practice to dismiss the federal claims and remand the state law claims to the state court. Defendant suggests that the court use the "no brainer" exception because the statements at issue in the defamation claims are privileged and the subject of opinion.

Court indicates that the if the federal claims survive, the state law claims should be remanded to the state court where they were ready for trial before removal.

4

Defendant argues that the ADA claim can only be against an entity and not an individual. This is based on plaintiff's concession that the suit is only with regard to Bauman and not his employer. There could be no claim against the City because there was a reasonable accommodation granted. With respect to the Rehabilitation Act claim, the defendant must be the recipient of federal funds and therefore there can be no Rehabilitation Act claims against Bauman as an individual.

Court cites the four circuit court of appeals cases holding that a plaintiff cannot bring a separate § 1983 claim for violations of the ADA or the Rehabilitation Act because both have comprehensive remedial schemes that preclude separate § 1983 claims. *Holbrook v. City of Alpharetta*, 112 F.3d 1522, 1531 (11th Cir. 1997); *Vinson v. Thomas*, 288 F.3d 1145 (9th Cir. 2002); *Lollar v. Baker*, 196 F.3d 603 (5th Cir. 1999), *Alsbrook v. City of Maumelle*, 184 F.3d 999 (8th Cir. 1999).

Also, *Jones v. Regional Transportation Auth.*, 2012 WL 2905797 at *6 (N.D. Ill. July 16, 2012), held that a plaintiff cannot use § 1983 to bring an ADA or Rehabilitation Act claim.

The court notes that the only claim that could survive would be the § 1983 claim for a violation of § 3617. To that end, plaintiff has conceded that the law was unsettled at the time of the acts and therefore entitlement to relief in this case would dissipate on the ground that Bauman did not violate clearly established law.

Plaintiff responds that he and defense counsel know what he was talking about. The facts underlying the state law tortious interference claim before the Wisconsin Court of Appeals have not changed.

Court reads the third cause of action in the amended third party complaint brought under § 1983 and concludes there is no separate FHA claim in the pleading. Section 3617 was cited in the context of the § 1983 claim. Plaintiff thinks it should just be able to clarify the paragraph in the pleadings.

Defendant responds that an argument not raised is deemed waived. Court notes that that was the position taken by the Wisconsin Court of Appeals on several of the issues. Defendant argues that it was his duty to raise a separate § 3617 claim. Court finds that plaintiff has not raised a separate § 3617 claim and he will be confined to the § 1983 claim.

Plaintiff seeks leave to amend the complaint. Defendant opposes on the ground that plaintiff had the opportunity to make the motion some time ago. An eleventh hour motion to amend is inappropriate. Given the age and status of this case, which has to take into account the defendant's motion for summary judgment, the request to amend is denied as tardy and unfairly prejudicial to the defense.

The court will issue its decision forthwith. Invites the parties to continue talking regarding the disposition of this case.